## LITLE v. COWEN CO.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

CONTRACTS (§ 229*)—PERFORMANCE—RECOVERY—COMPENSATION.

Where a contract under which plaintiff recovered provided that on payment for the drawings contracted for he should release his claim for advertising drawings previously prepared, which was the subject of his first cause of action, he should not be allowed to recover full payment for the drawings under his contract, and also to recover on the claim he had agreed to release.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1045–1057, 1059–1066, 1070, 1077; Dec. Dig. § 229.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Arthur Litle against the Cowen Company. Judgment for plaintiff for $347 damages and costs, and defendant appeals. Modified and affirmed.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Louis S. Posner, of New York City, for appellant.

Jesse Weil, of New York City, for respondent.

PER CURIAM. We are of the opinion that the plaintiff performed his contract, except as performance was prevented by the failure or refusal of the defendant to furnish the matter for some of the drawings, and hence was entitled to recover on his second cause of action. The contract under which such recovery was had, however, provided that on payment for the drawings covered by that contract he would release the claim for the drawings prepared for advertisements of Climax tobacco, which was the subject of his first cause of action. He should not be allowed, therefore, to recover full payment for his work under the second cause of action, and also retain the benefit of the claim that he had agreed to release.

The judgment will therefore be modified, by reducing the same to the sum of $280, and appropriate costs in the court below, and, as modified, affirmed, without costs of this appeal.